FILED
FEB 09 2023 KG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois

Donald Townsel, Plaintiff
v.
City of Chicago, Defendant

Case 1-20-CV-01774

## COMPLAINT by Plaintiff.

Documentation of disability legal disabilities. Including, learning disabilities that affects me in these cases

Also, the officer(s) took steps to cover up the false arrest and I did not find out till after trials and around 2019-20 after running background checks

I'm disabled and was not mentally able to comprehend charges or anything nor injury at the time
and did not know about the fabricated gun charge

So my claim is not time barred 2-4 years Plus tolling time because officers took steps to cover up the false arrest. and fabricated evidence and Police reports.

I didn't know this in state case either.

There is case law I believe for this similar issue and courts in this district allowed tolling time because officer(s) in this case supervisors also took steps to cover up false arrest as City Practice, custom, Policy also

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

1-20-CV-01774

Donald Townsel

    Plaintiff,

v.

           Case No.: 1:21–cv–00018
           Honorable Steven C. Seeger

Thresholds, et al.

    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, April 12, 2021:

  MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed the complaint filed by pro se Plaintiff Townsel, as well as the application to proceed in forma pauperis (Dckt. No. [3]). Plaintiff purports to bring a civil rights claim under 42 U.S.C. 1983, 1985, and 1986 against Defendant Thresholds (also described as "Threshold Security Guard employee"). The handwritten narrative alleges that Plaintiff was falsely accused of crimes, arrested, and imprisoned on March 8, 2015. According to the complaint, Thresholds "lied to police and had me falsely arrested and [stated] to 911 dispatch I hit him and had assaulted him." Id. at 4. "Police locked me up for no reason" when Plaintiff was "just drinking a cup of coffee." Id. Plaintiff also alleges that he was found not guilty of assault on July 27, 2015 (id. at 8), and he attaches a copy (but a poor, incomplete copy) of a document showing a finding of not guilty. Id. at 20. Along the way, Plaintiff refers to the First Amendment, the Fourteenth Amendment, and a sprinkling of various state-law theories like "breach of contract" (id. at 11) and "emotional distress" (id. at 12). The Court prescreened the complaint, and can identify a few potential issues. First, the limitations period for a claim under section 1983 is two years (because the federal statute borrows the limitations period of Illinois, the forum state). See Gekas v. Vasiliades, 814 F.3d 890, 894 (7th Cir. 2016) ("The statute of limitations for [section] 1983 claims in Illinois is two years."); Regains v. City of Chicago, 918 F.3d 529, 533 (7th Cir. 2019) ("[W]e look to the law of the state in which the personal injury occurred to determine the length of the [section 1983] statute of limitations."). In a similar vein, Plaintiff alleges that he is a "disabled person" (see Cplt., at 2). Even if the complaint is read generously to allege some type of ADA claim, the limitations period under that statute is either two or four years (depending on how a claim is characterized, but it doesn't matter here). See Strominger v. Indiana Dept. of Corrections, 2014 WL 2452967, at *1 (S.D. Ind. 2014). Here, the complaint is about an incident that took place in 2015, more than five years ago. So, on its face, the claim appears to be time barred. See Cancer Foundation, Inc. v. Cerberus Cap. Mgmt., LP, 559 F.3d 671 (7th Cir. 2009) ("[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness."). Second, the complaint does not appear to allege state action, that is, action by the government. "The First and Fourteenth Amendments to the Constitution protect citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be." Hallinan v. Fraternal Order of Police of

Chicago Lodge No. 7, 570 F.3d 81, 815 (7th Cir. 2009). In some circumstances, a private actor can engage in state action (e.g., delegation of a public function to a private entity), but there needs to be a concrete, definable nexus between the private actor and the government. Here, there is no apparent connection between Thresholds and the state. There is no allegation that Thresholds was acting under color of law. Accordingly, Plaintiff must show cause why the case should not be dismissed for failure to state a claim. Plaintiff must file a statement by May 17, 2021. A failure to comply may lead to dismissal. In the meantime, Plaintiff's application to proceed in forma pauperis (Dckt. No. [3]) is denied. The Court concludes that Plaintiff is indigent, but the complaint does not pass prescreening under 28 U.S.C. § 1915A. Plaintiff may refile the application in connection with his statement about whether the case should be dismissed for failure to state a claim. Plaintiff's motion for attorney representation (Dckt. No. [4]) is hereby denied without prejudice. Plaintiff has not shown that he made sufficient efforts to locate counsel on his own. The form is incomplete as well (see question no. 3, which was not answered). Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.