IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD J. TOWNSEL, | |
| Plaintiff, | |
| v. | No. 20-cv-01774 |
| CHICAGO POLICE DEPARTMENT *et al.*, | Judge John F. Kness |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Donald Townsel sued Defendants the City of Chicago and the Chicago Police Department under 42 U.S.C. Section 1983 and state law. On October 29, 2020, the City moved to dismiss the complaint. (Dkt. 29.) For the reasons that follow, Defendant's motion to dismiss is granted.

**I.     BACKGROUND**

Plaintiff Donald J. Townsel alleges that, on September 28, 2017, he called the police to his residence at 708 North Ridgeway Avenue, Apartment 2, in Chicago, and reported that one of his neighbors had a gun and was threatening him. (Dkt. 23 at 4.) Police officers responded but could not locate the neighbor. An hour later, Plaintiff called the police again because the neighbor had returned with a knife and was trying to stab him. (*Id.* at 5.) Police officers returned to Plaintiff's apartment and forcibly entered it with their service weapons drawn. (*Id.*) When they found no assailant, the

police instead arrested Plaintiff and charged him with aggravated assault and use of a deadly weapon. (*Id.* at 3.)

Following that incident, Plaintiff brough a lawsuit in the Circuit Court of Cook County and alleged Section 1983 claims against the Chicago Police Department, the Chicago Housing Authority, and his landlord, Nicholas Confederat. (Dkt. 29-3 at 1.) But the state court dismissed Plaintiff's complaint with leave to amend. (Dkt. 29-2.) Plaintiff filed his first amended complaint in the Circuit Court of Cook County on November 5, 2018. (Dkt. 29-3.) Plaintiff alleged that the City violated his Fourth and Fourteenth Amendment rights, conspired to violate his rights, falsely imprisoned him, and maliciously prosecuted him. (*Id.*) Plaintiff also made claims against his landlord and the Chicago Housing Authority related to his housing conditions and eviction notice. (*Id.*) Again, the Court dismissed his complaint with leave to amend. Plaintiff filed his second amended complaint on February 7, 2019. (Dkt. 29-5.) In his second amended complaint, Plaintiff alleged solely that his landlord failed to perform his duties as a landlord. (Dkt. 29-6.) But the state court dismissed Plaintiff's second amended complaint, this time with prejudice.

Plaintiff then filed another lawsuit, but this time, Plaintiff brought his suit in this federal court. Plaintiff's current case names the City of Chicago and Chicago Police Department as Defendants. Plaintiff alleges Section 1983 claims for Fourth and Fourteenth Amendment violations as well as false arrest, failure to intervene, and conspiracy claims. Plaintiff also brings state law claims for intentional infliction of emotional distress, false arrest, assault, battery, false imprisonment, malicious

2

prosecution, and conspiracy. (Dkt. 23.) Defendant City of Chicago has moved to dismiss the case and argues that Plaintiff's claims against the City are barred by res judicata or, in the alternative, are time-barred. (Dkt. 29 at 4.)

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

### B. Res Judicata

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect they would have in state court. *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 519 (1986); *Migra v. Warren City*

3

*Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996) ("The res judicata effect of a state-court judgment upon a subsequent § 1983 action is a matter of state law."). In Illinois, the doctrine of res judicata provides that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and constitutes an absolute bar to a later action involving the same claim, demand, or cause of action. *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001). Res judicata applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *Nowak*, 757 N.E.2d at 477 (citations omitted). An exception to the res judicata rule exists if the plaintiff did not have a full and fair opportunity to litigate his claim in state court. *Pliska v. City of Stevens Point*, 823 F.2d 1168, 1172 (7th Cir. 1987) (citations omitted). A plaintiff is afforded a full and fair opportunity to litigate his claims so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause. *Id.*

C.   **Statute of Limitations**

Because the statute of limitations is an affirmative defense, it is not ordinarily resolved on a motion to dismiss. *The Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations."). But it may be raised in a motion to dismiss if "the allegations of the complaint itself set forth everything

4

necessary to satisfy the affirmative defense." *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

## III. DISCUSSION

### A. Res Judicata Bars Plaintiff's Claims

#### *1. Final Judgment on the Merits*

Under Illinois law, res judicata applies where a final judgment on the merits has been rendered by a court of competent jurisdiction. A judgment on the merits "is one that determines the respective rights and liabilities of the parties based on the ultimate facts on which the right of recovery depends as disclosed by the pleadings or evidence." *Torres v. Rebarchak*, 814 F.2d 1219, 1223 (7th Cir. 1987). A judgment is final "when the court has adjudicated the parties' rights 'in a conclusive and definite manner.'" *Id.* (quoting *People ex rel. Williams v. Bd. of Educ. of Pawnee Twp. High Sch.*, 183 N.E. 633, 634 (1932)). Illinois Supreme Court Rule 273 states that "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. Sup. Ct. R. 273.

Plaintiff's claims were subject to final judgment on the merits in state court. (Dkt. 29-6.) On May 6, 2019, Judge Gillespie of the Circuit Court of Cook County dismissed Plaintiff's seconded amended complaint with prejudice as to the claims against the City of Chicago and Nicholas Confederat. (*Id.*) An order of dismissal with prejudice is a final judgment on the merits for purposes of res judicata. *See, e.g.*,

*Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (if a suit is dismissed with prejudice, the refiling of a later suit is "blocked by the doctrine of res judicata"). Judge Gillespie's order precluded Plaintiff from bringing any future related claims against the City of Chicago or Confederat. *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002) ("Additionally, and significantly, for purposes of a section 1983 action, the rule of res judicata applies to those issues actually litigated as well as those that could have been but were not litigated in the state court proceedings."). Accordingly, the first prong of res judicata is met.

### 2. *Identity of Cause of Action*

Res judicata under Illinois law also requires shared "identity of cause of action," which exists where a single core of operative facts forms the basis of both suits. *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 335 (7th Cir. 1992). Offering a different theory of relief does not save a suit that arises from the same factual core. *See, e.g.*, *Smith v. City of Chicago*, 820 F.2d 916, 917–18 (7th Cir. 1987); *see also Hudson v. City of Chicago*, 889 N.E.2d 210, 213 (Ill. 2008) ("Res judicata bars not only what was actually decided in the first action but also whatever could have been decided.").

Plaintiff's federal claim arises from the same core of operative facts as his state court suit. Both lawsuits pertain to the events of September 28, 2017. (Dkt. 23 at 4–5.) Both lawsuits involve the two phone calls Plaintiff made to the police and his resulting arrest and charges for aggravated assault and use of a deadly weapon. (Dkt. 29-3.) In his state and federal complaints, Plaintiff alleges that his Fourth and

6

Fourteenth Amendment rights were violated and brings a range of state law claims. (*Id.*)

Plaintiff argues that his claims in his federal lawsuit are distinct because he was charged with two different crimes: aggravated assault and use of a deadly weapon. (Dkt. 35 at 1.) Plaintiff's argument fails. Both charges arose from his arrest on September 28, 2017, and the same underlying facts as his state court lawsuit. (Dkt. 35 at 23.) The criminal docket for these charges lists the two charges together, with the same arrest date and the same incident report number (Dkt. 29-7.) Nothing about Plaintiff's two criminal charges suggest that his Section 1983 claims arose from a group of operative facts distinct from those underlying his previous state court complaints. The second prong of res judicata is therefore met.

### 3. *Identity of Parties*

Finally, res judicata under Illinois law requires that the parties or their privies be the same in both actions. Identity of parties is satisfied when the same plaintiff sues the same defendant in each suit. *See Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). In the state court proceeding, Plaintiff sued the City of Chicago. (Dkt. 29-1; Dkt. 29-3; Dkt. 29-5.) In this federal proceeding, Plaintiff is again suing the City of Chicago, so there is identity of parties as to Defendant City of Chicago.

The Chicago Police Department is mentioned in some of Plaintiff's state court filings, but not all. Judge Gillespie's final order dismissing Plaintiff's second amended complaint only explicitly mentions Defendants City of Chicago and Confederat. (Dkt. 29-6.) Identity of parties, however, is still met for Defendant Chicago Police

Department because the Chicago Police Department is a privy of the City of Chicago. *See, e.g.*, *O'Diah v. The Real Estate Store*, No. 93 C 1097, 1993 WL 326660 at *8–9 (N.D. Ill. Aug. 25, 1993) ("The City of Chicago Police Department does not enjoy separate legal existence independent of the city . . . . Thus, the present suit involves identical parties or their privies.") (internal citations omitted). The third prong of res judicata is therefore met. Accordingly, Plaintiff's claims are barred by res judicata.

B. **The Statute of Limitation Has Run on Plaintiff's Claims**

1. *Plaintiff's Section 1983 Claims*

Even if Plaintiff's claims were not barred by res judicata, they would be barred by the statute of limitations. Although affirmative defenses are not ordinarily considered at the motion to dismiss stage, a statute of limitations defense may be considered if the complaint sets forth everything necessary to satisfy it. *Brooks,* 578 F.3d at 579.

Plaintiff's complaint establishes that his Section 1983 claims are untimely. Section 1983 claims are subject to a two-year statute of limitations in Illinois. *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 765 (7th Cir. 2013). Although state law determines the statute of limitations, federal law determines the date of accrual of the cause of action. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Under federal law, a Section 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (quotations omitted).

8

Plaintiff's Section 1983 claims for unlawful search and excessive force accrued on September 28, 2017, the night of the alleged unlawful search and excessive use of force. *See Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) (unlawful search claims accrue at the time of the search); *Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 820 (N.D. Ill. 2006), *aff'd*, 217 F. App'x 534 (7th Cir. 2007) (excessive force claims accrue when Plaintiff was aware of the alleged exercise of force). The statute of limitations for these claims therefore ran on September 28, 2019—two years after September 28, 2017. Plaintiff did not file his federal lawsuit until March 13, 2020, after his unlawful search and excessive force claims had expired. Accordingly, these claims are barred by the statute of limitations.

Plaintiff's Section 1983 claim for false arrest is also subject to the two-year statute of limitations and accrued when he was detained on September 29, 2017. (Dkt. 29-7); *Wallace v. Kato*, 549 U.S. 384, 397 (2007) (statute of limitations for Section 1983 false arrest claim where the arrest is followed by criminal proceedings "begins to run at the time the claimant becomes detained pursuant to legal process"). Plaintiff's false arrest claim thus expired on September 29, 2019, two years after the judge in the state criminal proceedings found probable cause for his detention. Plaintiff did not file his federal claim until March 13, 2020, after the statute of limitations had run. Plaintiff's Section 1983 claim for false arrest is thus barred by the statute of limitations.

Plaintiff also refers to the Fourth Amendment in his complaint but does not specifically allege a claim. Even if he did explicitly allege a claim for unlawful pretrial

9

detention, it would be barred by the statute of limitations. An unlawful pretrial detention claim accrues when the detention in question ends. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). Plaintiff was released on bond on November 8, 2017, so his unlawful pretrial detention claim accrued on that date. Under the two-year statute of limitations, the unlawful pretrial detention claim expired on November 8, 2019, months before Plaintiff actually filed his March 2020 federal complaint.

Because Plaintiff's Section 1983 claims are all time-barred, the claims for conspiracy, failure to intervene, and equal protection that depend on his constitutional claims are also time-barred. Conspiracy claims, failure to intervene claims, and equal protection claims are only valid so long as the underlying constitutional claim is valid. If the underlying constitutional claim is time-barred, so are the corresponding additional allegations. *See Thompson v. City of Chicago*, No. 07 C 1130, 2009 WL 674353 at *5–6 (N.D. Ill. Mar. 12, 2009) (conspiracy claim timely only if it is based on timely claims); *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) (failure to intervene claims rely on an underlying constitutional violation, and if the constitutional violation is time-barred, so is the derivative failure to intervene claim); *Caine v. Burge*, No. 11 C 8996, 2012 WL 2458640, at *10 (N.D. Ill. June 27, 2012) (plaintiff "cannot assert a § 1983 action for an equal protection violation for those acts which are time-barred or otherwise subject to dismissal"). Accordingly, all of Plaintiff's Section 1983 claims and derivative claims are time-barred.

### C. Plaintiff's State Law Claims

Plaintiff alleges numerous state law claims, including intentional infliction of emotional distress, assault, battery, false arrest, false imprisonment, and malicious prosecution. Both parties devoted portions of their briefing on the motion to dismiss to the statute of limitations that governs Plaintiff's state law claims. This Court, however, has the discretion to decline to exercise supplemental jurisdiction over state-law claims if the court has dismissed all claims over which it has original jurisdiction. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). Although the decision to decline jurisdiction is discretionary, when all federal claims "in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Id.* (internal quotations omitted).

Because the Court has determined that Plaintiff's federal claims are barred by res judicata or, in the alternative, are time-barred, this Court declines to exercise jurisdiction over Plaintiff's state law claims. These claims are thus dismissed.

## IV. CONCLUSION

Defendant's motion to dismiss (Dkt. 29) is granted. Plaintiff's complaint is dismissed with prejudice.

SO ORDERED in No. 20-cv-01774.

Date: September 30, 2023

JOHN F. KNESS
United States District Judge

11